IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

FERNANDO ALEXANDER SETTLES,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-12-1050
CRIMINAL NO.: WDQ-08-0348

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Fernando Alexander Settles was convicted by a jury of narcotics offenses and sentenced to concurrent 240-month terms. Pending is Settles's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion to vacate will be denied.[1]

I. Background

On July 24, 2008, Settles was indicted for (1) conspiracy to distribute 500 grams or more of powder cocaine, and 50 grams

---

[1] Settles also moved for leave to file a "memorandum of law" in support of his § 2255 petition. *See* ECF No. 264. Because Settles has since filed such a memorandum in reply to the Government's response to his motion to vacate, *see* ECF No. 267, the motion for leave to file a supporting memorandum will be denied as moot. Settles's motion to "take judicial notice," which the Court will construe as a supplement to his § 2255 motion, will be denied. *See* ECF No. 271.

or more of crack cocaine (Count One), and (2) possession with intent to distribute powder cocaine (Count Three). ECF No. 1.[2] A superseding indictment followed, and Settles pled not guilty. ECF Nos. 79, 90. On March 10, 2009, the Government notified Settles that he was subject to enhanced penalties for the charged offenses because of a state felony drug conviction. ECF No. 85. Specifically, on May 17, 2006, Settles had pled guilty to possession with the intent to distribute narcotics, in violation of Md. Code Ann., Crim. Law § 5-602(2), in the Circuit Court for Harford County, Maryland. ECF No. 266-2 at 3; see State v. Settles, No. 12K05002204 (Cir. Ct. for Harford Cnty., Md. filed Dec. 13, 2005). The circuit court sentenced him to 120 months imprisonment, 102 of which were suspended. ECF No. 266-2 at 3.

From April 6 to April 10, 2009, Settles's jury trial was held. ECF Nos. 90, 93-95. Settles was convicted on both counts. ECF No. 103. On Count One, the jury found 500 or more grams, but fewer than five kilograms, of powder cocaine attributable to Settles, and 50 or more grams of crack cocaine attributable to him. Id. at 1. Settles was sentenced to concurrent 240-month (20-year) terms of imprisonment--the mandatory minimum terms--with credit for time served since his

---

[2] The indictment also charged Candis Unita Mack, Tanya Valencia Mack, Winston Charles Mack, and Derrick Lamont Prather with narcotics offenses. ECF No. 1.

February 26, 2008 arrest. ECF Nos. 117, 121, 122 (SEALED). At sentencing, Settles complained that court-appointed counsel, Peter D. Ward, Esquire, had rejected his request to subpoena Settles's uncle Gregory Sellers to testify in his defense. Sentencing Tr. (ECF No. 196) at 34:8-13.[3] According to Settles, Sellers would have testified that the drugs seized from Settles on February 26, 2008 were his. *Id.* at 36:8-10. Ward characterized his decision not to call Sellers to testify as "trial tactics," in part because it was unclear whether Sellers would testify, and in part because Ward "did not see" how Sellers could testify that the drugs--which were found in Settles's pocket--were actually Sellers's. *Id.* at 40:8-22.

Settles appealed his conviction and sentence, arguing that Ward was ineffective for failing to subpoena Sellers to testify in Settles's defense, and the Court erred in imposing a mandatory minimum sentence based on Settles's prior conviction, which occurred during the charged conspiracy period. ECF No.

---

[3] Between February 22 and 25, 2008, law enforcement had intercepted several telephone calls between Settles and "Mr. Parker," during which Settles discussed buying cocaine from Parker. Apr. 6, 2009 Trial Tr. (ECF No. 191) at 28. On February 26, 2008, Settles was the passenger in a car driven by Sellers. *Id.* at 28-29. Police stopped the car for a traffic violation; Settles was arrested, and cocaine and currency were found on him. *Id.* at 29:1-6. The arrest and search gave rise to Count Three of the initial and superseding indictments. ECF Nos. 1, 79.

3

118.[4] On January 20, 2011, the Fourth Circuit affirmed Settles's conviction and sentence. *United States v. Settles*, 408 F. App'x 663 (4th Cir. 2011) (per curiam). The court declined to review Settles's ineffective assistance claim, which did not "appear conclusively on th[e] record." *Id.* at 665 (citing *United States v. Baptiste*, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010)). As to Settles's sentence, the court held that, even assuming Settles's 2006 drug conviction was part of the charged conspiracy, the statutory minimum would still apply. *Id.* (citing *United States v. Smith*, 451 F.3d 209, 224-25 (4th Cir. 2006) ("When a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final.")). Settles's petition for writ of certiorari was denied on April 4, 2011. *Settles v. United States*, 131 S. Ct. 1841 (2011) (mem.).

On April 5, 2012, Settles moved to vacate, set aside, or correct sentence under 18 U.S.C. § 2255,[5] alleging that: (1) the indictment and prosecution violated his "fundamental right to the Tenth Amendment," (2) Ward provided ineffective assistance

---

[4] *See also United States v. Settles*, 408 F. App'x 663, 665 (4th Cir. 2011) (per curiam).

[5] The petition is signed and dated March 28, 2012. ECF No. 264 at 8.

4

by failing to call a "crucial witness" who "would have exonerated [Settles]," and by not investigating the validity of Settles's prior conviction; and (3) he is entitled to resentencing under the Fair Sentencing Act of 2010 (the "FSA"), Pub. L. No. 111-220, 124 Stat. 2372. ECF No. 264. The Government opposed the motion, ECF No. 266, and Settles replied, ECF No. 267. On December 17, 2012, Settles sought "judicial notice" of "issues" related to his petition. ECF No. 271.

II. Analysis

A. Tenth Amendment Violation

Settles principally argues that his convictions should be reversed because 21 U.S.C. §§ 841 and 846 were enacted in violation of the Ninth and Tenth Amendments. *See* ECF No. 264 at 6-7; ECF No. 267 at 2-9. The Tenth Amendment provides that, "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. The Ninth Amendment provides that, "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Despite Settles's assertions, the U.S. Supreme Court and the Fourth Circuit have repeatedly held that 21 U.S.C. §§ 841 and 846 are valid exercises of Congress's enumerated powers. *See, e.g., Gonzalez v. Raich*, 545 U.S. 1, 25-26 (2005); *see also United*

5

States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir. 1995). Settles is not entitled to relief on this claim.

B. Ineffective Assistance of Counsel

Settles next asserts that he was deprived of effective assistance of his counsel, who "failed" to call a "crucial witness,"[6] and investigate the "validity" of Settles's state conviction. ECF No. 264 at 7.

1. Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Settles must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. Id. at 687. To show deficient performance, Settles must establish that Ward made errors so serious that the "representation fell below an objective standard of reasonableness." Id. at 688. To show prejudice, Settles must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If he cannot prove

---

[6] Settles's § 2255 petition does not indicate the identity of the "crucial witness" whom Ward failed to call. See ECF No. 264. However, Settles notes that he raised the same "claim" on direct appeal to the Fourth Circuit. United States v. Settles, 408 F. App'x 663 (4th Cir. 2011) (per curiam). On appeal, Settles asserted that trial counsel was ineffective because he did not call Sellers as a defense witness. Id. at 664-65. Thus, the Court will assume that Settles's references to a "crucial witness" are references to Sellers.

prejudice, this Court "need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

2. Failure to Call a Witness

Settles asserts that Ward was ineffective because he failed to call Sellers to testify on Settles's behalf. ECF No. 264 at 7. At sentencing, Ward explained:

> It was my best professional judgment that it would not have been helpful to the Defendant's case to call Gregory Sellers, number one, since he had been charged Stateside, and I had questions about whether or not he would testify or whether or not his lawyer would advise him not to testify, but I frankly did not see how he would be able to testify and explain how the drugs, which were, according to the Defendant, his, were in the Defendant's pocket, and taken coming from the Defendant's pocket. So that was a judgment call that I made. It was certainly considered. It was not ignored; that is, there was never a suggestion that he may be called to testify. It was a matter of trial tactics, and I believed then and I believe now that that was the appropriate thing to do or not to do; that is, to call him to testify.

Sentencing Tr. at 40:7-22. Ward made a tactical decision that Sellers's testimony would not be helpful--and could be detrimental--to his client's case.

In *Harrington v. Richter*, 131 S. Ct. 770 (2011), the U.S. Supreme Court emphasized that "[t]here are . . . countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. Rare are the situations in which the

7

wide latitude counsel must have in making tactical decisions will be limited to any one technique or approach." *Id.* at 788-89 (internal citation and quotation marks omitted). Defense counsel was thus "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Id.* at 789. The Fourth Circuit has similarly held that,

> [a]bsent a showing that the tactical decision of counsel was so unreasonable in light of the need for the testimony that it amounted to a deprivation of an attorney who acted within the range of competence demanded of attorneys in criminal cases, we are reluctant to second guess the tactics of trial lawyers.

*Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam) (internal citation and quotation marks omitted).

The decision whether to call a defense witness is a strategic decision, demanding counsel's "assessment and balancing of perceived benefits against perceived risks," to which courts should afford "enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (internal quotation marks omitted). Settles has not argued--let alone shown--that Ward's decision not to call Sellers was so unreasonable that it deprived Settles of competent representation. *Goodson*, 564 F.2d at 1072. To the contrary: from Ward's perspective, Sellers's testimony could have harmed Settles's defense, given the facial implausibility of his anticipated assertion that the drugs found

8

in Settles's pocket belonged to him. *See Harrington*, 131 S. Ct. at 789. "An attorney need not pursue an investigation that would be fruitless, much less one that might be harmful to the defense." *Id.* at 789-90 (citing *Strickland*, 466 U.S. at 691).[7] Because Ward's performance was not deficient, Settles is not entitled to relief on this claim.

3. Failure to Investigate Prior Conviction

Settles asserts that Ward was ineffective because he failed to investigate Settles's prior conviction, which "would have shown to be invalid." ECF No. 264 at 7. The Government argues that not only did it introduce a certified copy of Settles's state conviction, but the Fourth Circuit also "specifically rejected" Settles's argument on direct appeal that the conviction did not qualify to enhance his sentence. ECF No. 266 at 3-4 (quoting *Settles*, 408 F. App'x at 665).

Settles was charged with conspiracy to distribute powder and crack cocaine, and possession with the intent to distribute powder cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. ECF No. 79. Section 841(b) authorizes enhanced penalties for persons who were earlier convicted of a "felony

---

[7] *See also Green v. French*, 143 F.3d 865, 892 (4th Cir. 1998) ("Although counsel should conduct a reasonable investigation into potential defenses, *Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client."), *abrogated on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000).

drug offense." A "felony drug offense" is an offense punishable by imprisonment for more than one year under, *inter alia*, any state law that prohibits or restricts conduct relating to narcotic drugs. 21 U.S.C. § 802(44). A state drug offense punishable by imprisonment for more than one year is a "felony drug offense" regardless of whether it is classified as a felony or a misdemeanor under state law. *Burgess v. United States*, 553 U.S. 124, 126-27 (2008). Under 21 U.S.C. § 851(a)(1), "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

Here, Settles's sentence was properly enhanced because he had been previously convicted of a drug-related offense and sentenced to 10 years' imprisonment: a punishment available only for a felony. ECF No. 266-2 at 3. *See generally* 21 U.S.C. §§ 841(b), 802(44); Md. Code Ann., Crim. Law §§ 5-602(2), 5-608(a). Settles argues that Ward provided ineffective assistance because he did not "investigate" this conviction before or at sentencing. ECF No. 264 at 7. According to Settles, had Ward done so, he "would have been able to have [the conviction] set aside[,] therefore eliminating the section 851 enhancement."

ECF No. 264 at 7. However, Settles's bald assertion that Ward failed to "investigate" the conviction--without any allegation as to what investigation was required or what information would have been discovered by that investigation--"will not support a constitutional claim of ineffective counsel." *Threatt v. United States*, Nos. 1:10-cv-08009-IPJ-MHH, 1:07-cr-00058-IPJ-PWG-2, 2013 WL 1278948, at *13 (N.D. Ala. Mar. 27, 2013).[8] Settles is not entitled to relief on this claim.

C. Sentence Reduction Under the FSA

Finally, Settles asserts that his sentence is unlawful under the FSA, which was enacted while his case was pending on direct appeal. ECF No. 264 at 7; ECF No. 267 at 10-11. The

---

[8] *See also, e.g., Martin v. United States*, 834 F. Supp. 2d 115, 131 (E.D.N.Y. 2011) (explaining why the defendant's prior conviction was for a "felony drug offense," and concluding that counsel's decision not to investigate that conviction therefore was "not unreasonable and did not constitute ineffective representation"); *Jones v. United States*, Nos. 1:08-cv-70, 1:05-cr-69, 2011 WL 1557928, at *7 (E.D. Tenn. Apr. 25, 2011) (assuming counsel failed to investigate the defendant's previous convictions, the defendant "offered no reasons for concluding the convictions [we]re [in]valid" and thus failed to show he was prejudiced by counsel's alleged inaction); *United States v. Felgar*, Criminal No. 2:09-19-DCR, Civil No. 2:10-7137-DCR, 2010 WL 4962906, at *6 (E.D. Ky. Dec. 1, 2010) ("The alleged failure to challenge a felony conviction which clearly qualifies under the statute for an enhanced penalty is not deficient performance."); *Springer v. United States*, 2008 WL 4853609, *7 (M.D. Fla. Nov. 10, 2008) ("To prove that his trial counsel's failure to investigate amounted to a constitutional deficiency, [a defendant] must show (a) the exact manner in which the investigation or preparation was inadequate, including any information that would have been obtained from the investigation, and (b) whether such information, assuming its admissibility in court, would have produced a different result.").

Government objects that the FSA does not apply to defendants who committed offenses and were sentenced before the Act's effective date of August 3, 2010. ECF No. 266 at 5.

The FSA increased the amount of crack cocaine necessary to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111-220, 124 Stat. 2372 (amending, *inter alia*, 21 U.S.C. § 841); *see United States v. Bullard*, 645 F.3d 237, 246 (4th Cir. 2011). Under the previous version of § 841(b)(1), a defendant like Settles who had been convicted of a felony drug offense faced a mandatory 10-year minimum sentence for possession of at least five grams of crack cocaine, and a mandatory 20-year minimum sentence for possession of at least 50 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A)-(B) (2006); *Bullard*, 645 F.3d at 246. The FSA raised the amounts necessary to trigger these 10- and 20-year mandatory minimum sentences from five grams to 28 grams, and 50 grams to 280 grams, respectively; defendants convicted of possessing smaller amounts of crack cocaine are now subject to shorter mandatory sentences. Pub. L. No. 111-220, 124 Stat. 2372; *Bullard*, 645 F.3d at 246.

On April 14, 2009, Settles was convicted of conspiring to distribute 500 or more grams, but fewer than five kilograms, of powder cocaine, and 50 or more grams of crack cocaine. ECF No. 103. Settles was also convicted of possession with intent to distribute powder cocaine. *Id.* On July 31, 2009, Settles was

sentenced to concurrent 240-month (20-year) terms of imprisonment, with credit for time served since his February 26, 2008 arrest. ECF Nos. 117, 121, 122 (SEALED). The sentence complied with the relevant provisions of 21 U.S.C. § 841. Under then-§ 841(b)(1)(A), a person who conspired to distribute 50 grams or more of crack cocaine after a previous felony drug conviction was subject to a 20-year mandatory minimum sentence. *See supra*.[9] The Fourth Circuit has unequivocally held that the FSA does not apply to persons convicted and sentenced before its effective date. *United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012); *Bullard*, 645 F.3d at 248-49; *see also* 1 U.S.C. § 109.

Because the crime and Settles's sentencing preceded August 3, 2010, his FSA argument is meritless.[10]

Settles's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied.[11]

---

[9] *See also* 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

[10] In his reply memorandum, Settles insists that the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012) requires retroactive application of the FSA to his sentence. In *Dorsey*, the U.S. Supreme Court held that Congress intended the Act's more lenient penalties to apply to pre-Act offenders *sentenced after* the Act took effect on August 3, 2010. *Id.* at 2326, 2355. Because Settles was convicted and sentenced in 2009, *Mouzone* and *Bullard*--not *Dorsey*--are controlling. *See* ECF Nos. 103 (Verdict), 117 (Sentencing), 121 (Judgment).

[11] On December 17, 2012, Settles filed a motion to "take judicial notice," which purports to raise new grounds for relief under § 2255, as well as reiterate previous arguments. ECF No. 271. Accordingly, the Court will construe the motion to take judicial notice as a supplement to Settles's § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (a court may recharacterize a motion filed by a self-represented litigant "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). Settles offers three arguments in the supplement, two of which are new. All must fail.

First, Settles argues that there was insufficient evidence of the conspiracy, rendering him "factually and legal[ly] innocent" of that charge. "28 U.S.C. § 2255 does not give [prisoners] the right to try over again the cases in which they have been adjudged guilty." *Taylor v. United States*, 177 F.2d 194 (4th Cir. 1949); *Neeley v. United States*, 405 F. Supp. 1186, 1189 (W.D. Va. 1975) ("Section 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal."); *see also United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000) ("The Constitution guarantees a trial designed to separate the guilty from the innocent; it does not ensure that these procedures always work."). Because Settles did not raise his sufficiency of the evidence claim on direct appeal, *Settles*, 408 F. App'x at 663, the claim is procedurally defaulted on collateral review unless he demonstrates cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). Here, Settles does not allege any cause or prejudice to excuse his default. ECF No. 271 at 1-2. In support of his claim of actual innocence, Settles argues only that the evidence was insufficient to support his conviction. These allegations do not demonstrate actual innocence. *Id.* Thus, Settles's insufficient evidence claim does not warrant relief.

Settles's additional arguments--that he is entitled to relief under the FSA, and the Court should take judicial notice of his rehabilitation efforts in prison--also cannot succeed. The first is foreclosed by *Mouzone* and *Bullard*, and the second is irrelevant to the propriety of the conviction. *See* ECF No. 271 at 2-11. Thus, Settles's motion to take judicial notice, construed as a supplement to his § 2255 motion, will be denied.

D. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Settles has not made a substantial showing of the denial of his constitutional rights, a COA will not issue.

III. Conclusion

For the reasons stated above, Settles's motion to vacate, set aside or correct sentence will be denied. A certificate of appealability will not issue.

4/30/13
Date

William D. Quarles, Jr.
United States District Judge

15